UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA M. CLAXTON,<br><br>                    Plaintiff,<br><br>     v.<br><br>PITNEY BOWES,<br><br>                    Defendant. | NO: 12-CV-0492-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 19). Also before the Court is Plaintiff's Motion for Leave to Amend Complaint (ECF No. 36). These matters were heard without oral argument on March 6, 2013. The Court has reviewed the relevant pleadings and supporting materials, and is fully informed.

BACKGROUND

On August 1, 2012, *pro se* Plaintiff Melissa M. Claxton filed a Complaint seemingly alleging that Defendant Pitney Bowes committed a range of

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

1  employment-related harms, including but not limited to: harassment, retaliation,

2  "equal pay act," constructive discharge, and breach of contract. ECF No. 1. On

3  October 22, 2012, Defendant filed the instant motion to dismiss. ECF No. 19.

4  Several days later, the Court granted Plaintiff's motion for appointment of counsel

5  on a limited basis and stayed the motion for 60 days. ECF No. 23. Subsequently,

6  the Court granted appointed counsel's motion to withdraw, denied Plaintiff's

7  motion to conduct discovery, and granted Plaintiff additional time to respond to the

8  pending motion to dismiss. Presently before the Court is Defendant's motion to

9  dismiss, and Plaintiff's motion for leave to amend her Complaint.

## FACTS

Plaintiff was hired by Defendant in 1993 as a call center associate. During her employment she was promoted, and in January 2010 she held the position of Leasing and Retention Supervisor in the Outbound Customer Relations Channel. On August 26, 2011, Plaintiff signed a Separation Agreement and General Release ("Agreement"). [1] ECF No. 21-1. The parties dispute the circumstances under which

---

[1] Under the incorporation by reference doctrine, the Court may look at documents beyond the pleadings without converting the 12(b)(6) motion into a motion for summary judgment. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). The Court may take into account "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not

the Agreement was signed. According to the Defendant, Plaintiff was informed that her position would be eliminated but she would have the opportunity to apply for new positions in the newly redesigned unit, including a supervisory position. ECF No. 20 at 4. Plaintiff maintains that she was not aware of the possibility of remaining with the company, and was told by HR Representative Karen Spada ("Spada") that the severance "packages were changing ASAP from two weeks to one week per year, [her] job was going away, and it would be in [her] best interest to write … a letter stating [she] needed a severance agreement." ECF No. 40 at 2. Plaintiff primarily contends that she was retaliated against by Defendant in response to complaints she made internally about her former boss.

Plaintiff was provided with the Agreement on August 24, 2011, reviewed the document with Spada, and signed the Agreement on August 26, 2011. Under the terms of the Agreement, Plaintiff received 19 weeks of base severance, 19 weeks of "enhanced" severance, and the option for other post-employment benefits. The

///

---

physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). This doctrine undoubtedly allows the Court to look at the Agreement referenced in the Complaint. ECF No. 21-1, Ex. 2. However, the Court will not consider the email from Plaintiff attached as Exhibit 1 to the Declaration of Karen Spada. *Id*. at Ex. 1.

Agreement also contained a full release of all claims as follows:

> By signing this Agreement, you agree that in exchange for the payments and other benefits and consideration contained in this Agreement to which you are not otherwise entitled, you … forever release and discharge [Defendant] from any and all claims, actions, suits, demands, obligations, losses, liabilities, debts, obligations for damages (including but not limited to compensatory, exemplary and punitive damages), expenses, back pay, reinstatement, attorneys' fees and costs whether known or unknown, against [Defendant] arising up to and including the date you sign this Agreement….

ECF No. 21-1 at ¶ 10.  The Agreement also specifically released Defendant from claims arising under Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, and the Americans with Disabilities Act of 1990, "and any and all other claims arising under or out of any other federal, state or local statute, law, constitution, ordinance or regulation or any other claims sounding in tort or contract …." *Id*.  However, the Agreement specifically did not waive Plaintiff's rights or claims that cannot be released by law, including her right to file a charge with the Equal Employment Opportunity Commission ("EEOC") or claims that arose after the date the Agreement was signed.  *Id*. at ¶ 11.  As part of the Agreement, Plaintiff signed a "no oral reliance" clause agreeing that she "relied only on the terms set forth in this Agreement and not on any representation or statement made by a Company employee, agent or representative, in accepting this Agreement."  *Id*. at ¶ 16.  Finally, Plaintiff acknowledged that she read the Agreement, was given ten calendar days to consider its terms, and was advised to consult with an attorney before signing the Agreement.  *Id*. at ¶ 20.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

In January of 2012, Plaintiff filed a complaint with the EEOC alleging employment discrimination by the Defendant based on sex, disability, and retaliation. *See* ECF No. 1-2. The EEOC closed the file and determined that based on its investigation it was "unable to conclude that the information obtained establishes violations of the statutes." *Id*. On May 30, 2012, Plaintiff was issued a right to sue letter indicating that Plaintiff must file a lawsuit within 90 days of the notice. On August 1, 2012, Plaintiff filed the instant lawsuit *pro se*.

## DISCUSSION

### I. Motion to Dismiss

#### A. Standard of Review

To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). A pleading

that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id*. at 678-79. In assessing whether Rule 8(a)(2) is satisfied, the Court first identifies the elements of the asserted claim based on statute or case law. *Id*. at 678. The Ninth Circuit follows the methodological approach set forth in *Iqbal* for the assessment of a plaintiff's complaint:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009) (*quoting Iqbal*, 129 U.S. at 664).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6

**B. Fraud**

A release is a contract, and is therefore governed by contract principles subject to judicial interpretation. *Nationwide Mut. Fire Ins. Co. v. Watson*, 120 Wash.2d 178, 187 (1992). Washington follows the "objective manifestation" theory of contracts, under which "we attempt to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties." *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wash.2d 493, 503-04 (2005). A contract is voidable if induced by fraud, misrepresentation or overreaching. *Nationwide*, 120 Wash.2d at 187. Under Washington law, nine elements of fraud must be established by clear, cogent and convincing evidence, including: (1) a representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted on by the person to whom it was made; (6) ignorance of its falsity on the part of the person to whom the representation is addressed; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; and (9) his consequent damage. *Williams v. Joslin*, 65 Wash. 2d 696, 697 (1965).

Plaintiff does not dispute that she signed the Agreement in which she released and discharged the Defendant from any and all claims in exchange for severance pay and other post-employment benefits. However, she appears to allege that the Agreement should be voided by the Court for misrepresentation or

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7

fraud. According to Plaintiff, she was "lied to" by Spada and told (1) that her job was going to be eliminated, (2) that she would receive a lesser amount in severance if she did not immediately ask for a severance package, and (3) that she could not change her mind once she requested a severance package. ECF No. 40 at 2, 4.

Defendant argues that Plaintiff cannot establish elements seven and eight of a fraud claim because section 16 of the Agreement entitled in part "No Oral Reliance" expressly states that Plaintiff "agree[s] that [she has] relied only on the terms set forth in this Agreement and not on any representations or statement made by a Company employee, agent or representative." ECF No. 21-1 at ¶ 16. The Court agrees. To establish fraud, Plaintiff must show that she *reasonably* relied on the truth of the alleged representations by Spada. *See Williams*, 65 Wash.2d at 698. While the Washington Supreme Court has not explicitly ruled on whether no-reliance clauses bar fraud claims, the intermediate appellate courts offer sufficient guidance on this issue. *See Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) (outlining the procedure for federal courts to follow when interpreting state law). In *Kwiatkowsi v. Drews*, the court found the plaintiff specifically agreed to a no reliance clause in a settlement agreement, and therefore any reliance would have been unreasonable. *See Kwiatkowsi v. Drews*, 142 Wash. App. 463, 481 (Ct. App. 2008); *Cf. Stewart v. Estate of Steiner*, 122 Wash. App. 258, 274 (Ct. App. 2004) (noting that state securities laws are designed to protect

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8

investors and finding that signing a non-reliance provision is not dispositive as a matter of law). Both the Ninth Circuit and the Eastern District of Washington have similarly held that a no-reliance clause precludes a fraud claim. *See FMC Technologies, Inc. v. Edwards*, 302 Fed. App'x 577, 577-78 (9th Cir. 2008) (applying Washington law and citing *Kwiatkowski*); *Insitu, Inc. v. Kent*, No. CV-08-3067-EFS, 2009 WL 2160690 at *3 (E.D. Wash. July 17, 2009) *aff'd* 388 Fed. App'x 745 (9th Cir. 2010) (applying Washington law); *Bank of the West v. Valley Nat'l Bank of Arizona*, 41 F.3d 471, 478 (9th Cir. 1994) (applying California law).

In accord with these authorities, the Court finds that the no-reliance clause in the Agreement renders any reliance by Plaintiff unreasonable as a matter of law. The Court does recognize that, unlike *Kwiatkowski*, Plaintiff was arguably not sophisticated, the relationship between Plaintiff and Defendant was not inherently adversarial, and Plaintiff was not represented by counsel. *See Kwiatkowski*, 142 Wash. App. at 479-80. However, the no-reliance provision in this case was distinct from the Agreement's other clauses, and explicitly put Plaintiff on notice that she was only relying on the terms of the Agreement and not on any statement made by an employee of the Defendant. Moreover, Plaintiff acknowledged that she read the Agreement, had ten days to consider whether to sign, had a reasonable opportunity

to consult with an attorney if she chose, and signed the Agreement voluntarily.[2] ECF No. 21-1.  For all of these reasons, the Court finds that Plaintiff cannot prove reliance as a matter of law, and the release provisions in the Agreement barring Plaintiff from asserting the employment-related claims in her Complaint against Defendant are not voidable on the basis of fraud.

**C. Rescission**

Although never expressly asserted in her Complaint, Defendant interprets Plaintiff's argument that the severance agreement is "null and void" and "should not be used against her," as a possible claim that the Agreement should be rescinded.  *See* ECF No. 1 at 13.  "A person desiring to rescind a contract must act with reasonable promptness, and where a delay reveals an intent to waive a right to

---

[2] Plaintiff appears to argue that she was legally required to be given seven days to rescind the Agreement after signing.  However, the Court finds this requirement only pertains to releases of claims under the Age Discrimination in Employment Act of 1967 ("ADEA").  The Older Workers Benefit Protection Act ("OWBPA") imposes specific requirements on releases covering ADEA claims, including, a period of seven days following the execution of the agreement to revoke the agreement.  *See Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 426-27 (1998).  As Plaintiff is not making a claim under the ADEA, this requirement is not applicable in the instant case.

rescind, the contract is valid and binding." *Ferguson v. Jeanes*, 27 Wash. App. 558, 565 (Ct. App. 1980) (*citing Whitman Realty & Inv. Co. v. Day*, 161 Wash. 72, 77 (1931)). Furthermore, "[t]he general principal is that rescission contemplates restoration of the parties to as near their former position as possible or practical." *Simonson v. Fendell*, 101 Wash.2d 88, 93 (1984); *see also Bunting v. State*, 87 Wash. App. 647, 653-54 (Ct. App. 1997) (finding no rescission when plaintiff wished to retain settlement proceeds and still assert claims against the other party).

As an initial matter the Court finds no indication in the Complaint that Plaintiff seeks to rescind the contract, rather, she appears to rely completely on her argument that the Agreement was voidable by reason of fraud. In point of fact, Plaintiff repeatedly states in her responsive briefing that she was unrepresented by legal counsel and did not know that rescission was a requirement or a possibility. ECF No. 36 at 5; ECF No. 40 at 3. Instead, Plaintiff seeks damages for breach of contract and other alleged employment related harms. However, even assuming *arguendo* that she does seek rescission of the Agreement, the Court finds that Plaintiff waived her right to rescission by retaining the benefits she was afforded under the terms of the Agreement. There can be no rescission of the contract because Plaintiff admittedly retained the benefits received under the Agreement. Plaintiff's argument that she deducted the benefits received under the Agreement from the relief requested in her Complaint is not sufficient to restore the Defendant

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 11

to its former position.  ECF No. 36 at 2.  Thus, the Court finds that Plaintiff fails to plausibly allege a claim for rescission of the Agreement.

**D. Forum Selection Clause**

A motion to dismiss based on a forum selection clause is treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3).  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) (pleadings are not accepted as true as would be required under a FRCP 12(b)(6) analysis).  Forum selection clauses are prima facie valid and should be honored unless the party challenging the forum selection clause can show it is "'unreasonable' under the circumstances." *Id*. at 325; *see also Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  A forum selection clause may be "unreasonable" if its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power.  *See Bremen*, 407 U.S. at 12.  However, to establish unreasonableness, "the party resisting enforcement of the clause has a heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party effectively would be denied a meaningful day in court." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984).

The Agreement at issue included a provision that Plaintiff "specifically consent[ed] to the exclusive jurisdiction and venue in the state and federal courts of

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 12

Connecticut." ECF No. 21-1 at ¶ 18. Plaintiff appears to argue that the forum selection clause should be stricken by the Court as invalid based on the same fraud argument advanced above.[3] ECF No. 36 at 4. However, the Court finds Plaintiff has pled no facts, nor has she advanced any legal argument, that the incorporation of the forum selection clause in the Agreement was the result of fraud. Moreover, as indicated above, the Court has already found as a matter of law that Plaintiff cannot prove that she was fraudulently induced to sign the Agreement. Thus, Plaintiff cannot overcome the prima facie validity of the forum selection clause.

**E. Failure to Comply with FRCP 8(a)**

Pursuant to Federal Rule of Civil Procedure 41(b) a district court may dismiss a complaint for failure to comply with FRCP 8(a). Fed. R. Civ. P. 41(b); *see also Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Defendant argues that Plaintiff did not meet the pleading standard outlined in Federal Rule of Civil Procedure 8(a) requiring "a short and plain statement" of

---

[3] Plaintiff also seems to make the argument that venue in Washington is proper because Defendant allegedly told Plaintiff that it was not properly served in Connecticut and instead directed her that service was proper in Spokane, Washington. ECF No. 40 at 5. The Court declines to address this argument as Plaintiff offers no legal support or factual assertions to support the contention that the forum selection clause is unreasonable.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 13

1 the claim showing entitlement to relief and the grounds for jurisdiction. Fed. R.
2 Civ. P. 8(a); *see also Jones v. Cmty. Redevelopment Agency of City of Los Angeles*,
3 733 F.2d 646, 649 (9th Cir. 1984) (pleading must "give [ ] fair notice and state [ ]
4 the elements of the claim plainly and succinctly."). Plaintiff concedes that the
5 form of her complaint is deficient and points to her inexperience and lack of legal
6 representation. ECF No. 36 at 4. However, as Plaintiff has been previously
7 advised by the Court, while her pleadings are held to less stringent standards than
8 those prepared by attorneys, she is still required to follow the rules of the court in
9 which she litigates. *See Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986);
10 *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Thus, in addition to the
11 aforementioned findings, the Court finds the Complaint fails to comply with FRCP
12 8(a).

13 **II. Leave to Amend**

14 The standard for granting leave to amend is generous. *See* Fed. R. Civ. P.
15 15(a)(2) ("The court should freely give leave when justice so requires.").
16 "Dismissal of a pro se complaint without leave to amend is proper only if it is
17 absolutely clear that the deficiencies of the complaint could not be cured by
18 amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)
19 (internal quotation marks and citations omitted). The court considers five factors
20 in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to

1  the opposing party, futility of amendment, and whether the plaintiff has previously
2  amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995
3  (9th Cir. 2011).

4  The Court finds no indication of bad faith, undue delay, or significant
5  prejudice to the opposing party; nor has Plaintiff previously amended her
6  Complaint.  The Court notes that Plaintiff was appointed counsel to assess the
7  merits of her case, was granted additional time to respond to the instant motion to
8  dismiss, and the Court specifically instructed Plaintiff regarding the standard of
9  review on a motion to dismiss for failure to state a claim. *See* ECF No. 35.  The
10 only factor remaining for the Court to weigh is whether an amendment would be
11 futile.  Futility is established only if the complaint "could not be saved by any
12 amendment."  *Id*. (internal citations omitted); *see also Balistreri v. Pacifica Police*
13 *Dept.*, 901 F.2d 696, 701 (9th Cir. 1990) (leave to amend may be granted when the
14 court can "conceive of facts" that would render the plaintiff's claim viable).

15 The Court would be inclined to grant Plaintiff leave to amend her Complaint
16 if the inadequacy was confined solely to the admittedly deficient form of her
17 pleading under FRCP 8(a).  However, in this case, Plaintiff asks the Court to find
18 the Agreement "null and void" based on alleged fraud at the time she signed the
19 Agreement.  As discussed in detail above, the Court has found that Plaintiff failed
20 to plead a plausible claim of fraud as a matter of law.  Consequently, her claims

against the Defendant are barred under the release terms of the Agreement. Moreover, Plaintiff has not adequately pled that she sought rescission of the Agreement, nor did she offer any law or facts to indicate that the forum selection clause in the Agreement was unreasonable.  The Plaintiff has fully and exhaustively set forth her version of the events and the Court can conceive of no additional facts that would render Plaintiff's claims against Defendant viable. Therefore, the Court finds that leave to amend would be futile under these circumstances and declines to grant leave to amend the Complaint.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, ECF No. 19, is **GRANTED** with prejudice.
2. Plaintiff's Motion for Leave to Amend Complaint, ECF No. 36, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and judgment accordingly, provide copies to the parties and CLOSE the file.

**DATED** March 26, 2013.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 16